**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4512**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

CAYETANO YEPEZ LEYVA, a/k/a Tano,

                    Defendant – Appellant.


Appeal from the United States District Court for the District of
South Carolina, at Orangeburg.   Margaret B. Seymour, District
Judge.   (5:08-cr-00945-MBS-8)


Submitted:  January 10, 2011        Decided:  February 22, 2011


Before GREGORY, DUNCAN, and WYNN, Circuit Judges.


Affirmed by unpublished per curiam opinion.


John A. O'Leary, O'LEARY ASSOCIATES, P.A., Columbia, South
Carolina, for Appellant.   John David Rowell, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.


Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In February 2009, a third superseding indictment charged Cayetano Yepez Leyva with one count of conspiracy to possess with intent to distribute five or more kilograms of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006) (Count One), and two counts of using a communications device to facilitate the commission of a felony under the Controlled Substances Act, in violation of 21 U.S.C. § 843(b) (2006). Leyva pleaded guilty to Count One, pursuant to a written plea agreement, and was sentenced to the statutory minimum of 240 months' imprisonment.

Leyva appealed, and his counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal, but questioning whether Leyva received ineffective assistance of counsel. Leyva was informed of his right to file a pro se supplemental brief, but did not do so. The Government has not filed a brief.

Counsel asks us to review whether Leyva received ineffective assistance of counsel because the applicable mandatory minimum sentence was not adequately explained during the plea colloquy. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal, unless counsel's "ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Here,

2

it is evident that the record does not conclusively demonstrate that counsel was ineffective. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Accordingly, in order to allow for the adequate development of the record, Leyva must bring his claim in a 28 U.S.C.A. § 2255 motion. See United States v. Baptiste, 596 F.3d 214, 216-17 n.1 (4th Cir. 2010).

In accordance with Anders, we have thoroughly reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Leyva's conviction and sentence. This court requires that counsel inform Leyva, in writing, of the right to petition the Supreme Court of the United States for further review. If Leyva requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Leyva.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED